## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:

MICHAEL JOSEPH BOGART

    Debtor

_____/

OLIVIER FAMILY INTERESTS, LTD.

    Plaintiff

v.

MICHAEL JOSEPH BOGART

    Defendant

_____/

CASE NO.: 14-34665-RBR

Chapter 7  Proceeding

Adv. Proc. No.

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF JUDGMENT DEBT

    Plaintiff, OLIVIER FAMILY INTERESTS, LTD. ("Plaintiff"), by and through its counsel,

files this Complaint to Determine Non-Dischargeability of Judgment Debt, owed to Plaintiff by the

Debtor, Michael Joseph Bogart ("Defendant" or "Debtor"), and alleges as follows:

### PARTIES

    1.    Defendant is the Debtor in the above-styled individual Chapter 7 bankruptcy case,

and the Debtor resides at 300 Three Islands Boulevard, Apt. 520, Hallandale, Florida 33009.

    2.    Plaintiff is the largest unsecured creditor of the Debtor's bankruptcy estate, as

reflected in the Debtor's bankruptcy schedules filed in this case (Main Case CP #11).

### VENUE AND JURISDICTION

    3.    This is a core proceeding until Title 11 of the United States Code (the "Bankruptcy

Code").  Jurisdiction over this adversary proceeding, which concerns the non-dischargeability of

debt, is conferred upon this Court by virtue of 28 USC §1334(a) and 28 USC §157.

-2-

4.        Venue is proper in this Court pursuant to 28 USC §1409.

5.        The statutory predicate for the relief requested herein is Section 523(a)(2)(A) of the Bankruptcy Code, and Rule 7001 of the Federal Rules of Bankruptcy Procedure ("FRBP").

## GENERAL ALLEGATIONS

6.        On November 5, 2014 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief (the "Petition") under Chapter 7 of Bankruptcy Code.

7.        On January 14, 2015, Plaintiff filed its *Creditor The Olivier Family Interests, Ltd.'s Ex-Parte Agreed Motion to Extend Time to: (1) Object to Debtor's Discharge Under 11 U.S.C. §727; (2) Object to Debtor's Claimed Exemptions; and (3) Object to Dischargeability of Debt Under 11 U.S.C. §523* (main case CP #39).  The Court granted this Motion by that certain *Order Granting Creditor The Olivier Family Interests, Ltd.'s Ex-Parte Agreed Motion to Extend Time to: (1) Object to Debtor's Discharge Under 11 U.S.C. §727; (2) Object to Debtor's Claimed Exemptions; and (3) Object to Dischargeability of Debt Under 11 U.S.C. §523 (CP#39),* (main case CP #41).  This Order granted Plaintiff, *inter alia,* an extension of time through and including March 13, 2015 in which to object to dischargeability of debt.  As a result, this Complaint is timely filed.

8.        Prior to the commencement of this bankruptcy case, on February 29, 2008, Plaintiff had commenced an action against the Debtor and others in the United States District Court for the Western District of Missouri in a case captioned <u>Olivier Family Interests, Ltd., et al. v. Russell Wright, et al.</u>, Case No. 08-3075-CV-S-DW ("Rico Action").

9.        In the *Third Amended Complaint* filed in the Rico Action by the Plaintiff, Plaintiff alleged liability against the Debtor for damages caused to the Plaintiff as a result of the Debtor's actions as a member of an enterprise constituting a group of individuals sharing a common purpose and objective of defrauding investors, such as the Plaintiff.  The Complaint alleged that the Debtor

-3-

has engaged in a pattern of racketeering activity, and has committed predicate acts of mail fraud and/or wire fraud.  The Complaint alleged that the Debtor should be found responsible for violating the Federal Racketeer Influence and Corruption Organization Act ("RICO").  A true copy of the *Third Amended Complaint*, without exhibits, is attached hereto as Exhibit "A" and incorporated herein by reference.

10.     The Plaintiff, in the Complaint, alleged in the Rico Action as follows:

*The Debtor was part of the Rico Defendants, as that term is defined in the *Third Amended Complaint,* who participated in a scheme to defraud the Plaintiff and others by the continuation of a Ponzi scheme.  The Complaint alleges that one of the named Defendants in the Rico Action was claimed by the Rico Defendants to be  the owner of certain proprietary knowledge, intellectual property, and other assets which were unique in the steel panel wall construction industry, and that a successful enterprise could be developed through the combination of funding from Plaintiff, coupled with the Debtor's marketing abilities, management and financial expertise, and foreign contacts.

*The Plaintiff was caused to advance financing for the business affairs.  Unbeknownst to the Plaintiffs, the Debtor and others began forming and setting up a number of "shell" entities to syphon off the funds provided by the Plaintiff, and to use those funds for their personal use.

*As a result of the fraudulent scheme and conspiracy carried out, managed, participated in, or directed by the Debtor and the other Defendants, Plaintiff subsequently learned that the proprietary marks, products, information, and technology that were part of this business arrangement, were not in fact owned by one of the Defendants, and that these Defendants including the Debtor could not contribute their time in developing international projects or buyers for such projects.

*Acting in good faith, the Plaintiff contributed at least $6,455,000.00 commencing in April

-4-

2006, in reliance on the misrepresentations of the Debtor and others.

11.     The Debtor denied that he knew of or participated in any scheme to defraud Plaintiff as alleged in the Rico Action.

12.     The Rico Action was tried before a jury on May 14, 2012 through May 23, 2012.

13.     Prior to trial, the District Court in the Rico Action provided the jury with detailed jury instructions setting forth the legal elements of each cause of action to be tried at trial (the "Jury Instructions").  A true and correct copy of the *Jury Instructions- Given* is attached hereto as Exhibit "B" and incorporated herein by reference.  The Jury Instructions contained many instructions that related to the claim of a RICO violation by the Debtor.  Specifically, Instructions numbered "22" through " 33" of the Jury Instructions set forth and instruct the jury in detail on all the elements needed to establish a RICO violation, as well as how to assess damages if such a violation is found. The Jury Instructions provided detail on the elements of the acts of wire fraud and mail fraud, that the Debtor was accused by Plaintiff of committing to the detriment of the Plaintiff.  See, for example Instructions numbered "28" and "29" of the Jury Instructions.

14.     On May 23, 2012, the jury returned a *Verdict* ("Verdict"), in favor of Plaintiff and against the Debtor as to the claim for RICO violations.  The jury assessed damages in favor of Plaintiff as a result of the RICO violations in the amount of $4.3 million.  A true and correct copy of the Verdict is attached hereto as Exhibit "C" and incorporated herein by reference.

15.     On May 31, 2012, the District Court entered a *Judgment* ("Judgment"),  against the Debtor and others.  A true and correct copy of the Judgment is attached hereto as Exhibit "D" and incorporated herein by reference.

16.     On June 29, 2012, the Debtor filed his Notice of Appeal to the Eighth Circuit Court of Appeals of the Judgment entered against him.  A true and correct copy of the Notice of Appeal

-5-

is attached hereto as Exhibit "E" and incorporated herein by reference.

17.     On August 27, 2013, the Eighth Circuit Court of Appeals entered its *Judgment*, affirming the Judgment entered against the Debtor in the U.S. District Court.  A true and correct copy of the Eighth Circuit Court of Appeals Judgment is attached hereto as Exhibit "F" and incorporated herein by reference.

18.     On December 31, 2013, the Debtor filed a Writ of Certiorari to the United States Supreme Court.  The Writ of Certiorari was denied by the Supreme Court on March 31, 2014.

19.     There was no stay pending appeal of the Judgment.

20.     As set forth in the Judgment, the District Court awarded Plaintiff compensatory damages against the Debtor, in the amount of $4.3 million, and trebled those damages for a total judgment amount in favor of Plaintiff and against the Debtor, in the amount of $12,900,000.00.

## COUNT I

### NON-DISCHARGEABILITY OF DEBT
### PURSUANT TO BANKRUPTCY CODE §523(a)(2)(A)

21.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 20 as if more fully set forth herein.

22.     Pursuant to the Judgment, the Debtor is indebted to Plaintiff in the amount of $12,900,000.00 ("Debt").

23.     The Debt is based on (I) the Verdict rendered against the Debtor in the Rico Action, in accordance with the Jury Instructions, which found a violation of the Rico Statutes, and (ii) the damages and costs awarded to Plaintiff under the Judgment entered by the District Court in the Rico Action.

-6-

24.    Based on the Debtor's liability determined by the Verdict and Judgment, the Debtor is indebted to Plaintiff for money obtained by false pretenses, by false representation, and/or by actual fraud.

25.    The Debt in the amount of $12,900,000.00 is non-dischargeable by the Debtor pursuant to Bankruptcy Code §523(a)(2)(A).

**WHEREFORE**, the Plaintiff requests that this Court enter a judgment: (I) determining the liability of the Debtor to the Plaintiff in the amount of $12,900,000.00 to be non-dischargeable pursuant to Bankruptcy Code §523(a)(2)(A); and (ii) granting Plaintiff such other relief as the Court may deem just and proper under the circumstances.

## COUNT II

### NON-DISCHARGEABILITY OF DEBT
### PURSUANT TO BANKRUPTCY CODE §523(a)(6)

26.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 20 and 22, as if more fully set forth herein.

27.    Pursuant to the Debt, the Debtor is indebted to the Plaintiff in the amount of $12,900,000.00.

28.    The Debt is based on (I) the Verdict rendered against the Debtor in the Rico Action, in accordance with the Jury Instructions, as to a violation of the Rico Statutes; and (ii) the damages and costs awarded to Plaintiff under the Judgment entered by the District Court in the Rico Action.

29.    Based on the Debtor's liability determined by the Verdict and Judgment, the Debt is a debt for willful and malicious injury by the Debtor to Plaintiff or the property of Plaintiff.

30.    The Debt in the amount of $12,900,000.00 is non-dischargeable by the Debtor pursuant to Bankruptcy Code §523(a)(6).

-7-

**WHEREFORE**, Plaintiff requests that this Court enter a judgment: (I) determining the liability of the Debtor to the Plaintiff in the amount of $12,900,000.00 to be non-dischargeable pursuant to Bankruptcy Code §523(a)(6); and (ii) granting Plaintiff such other relief as the Court may deem just and proper under the circumstances.

Dated: February 10, 2015

        BEHAR, GUTT & GLAZER, P.A.
        Counsel for Plaintiff
        2999 N.E. 191st Street, Fifth Floor
        Aventura, Florida 33180
        Telephone: (305) 931-3771
        Facsimile: (305) 931-3774

        By:   /s/ Brian S. Behar
            BRIAN S. BEHAR
            FBN: 727131