UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

MICHAEL JOSEPH BOGART,                          Case No. 14-34665-RBR

                                                  Chapter 7

      Debtor(s).
_____/

**TRUSTEE'S OBJECTION TO CLAIM
OF EXEMPTION FOR REAL PROPERTY**

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Debtor, MICHAEL J. BOGART (the *"Debtor"*), objects to the Debtor's claim of exemption of real property. In support, the Trustee states:

1. On November 5, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Subsequently, Kenneth A. Welt was appointed as the Chapter 7 Trustee.

2. The §341 Meeting of Creditors was originally scheduled on December 23, 2014 [ECF No. 2], but was continued and finally held and concluded on January 21, 2015. *See ECF No. 38.*

3. Pursuant to two orders extending time to object to the Debtor's claims of exemption, the current deadline to object is April 22, 2015. *See* [ECF Nos. 37 & 60].

4. On his Schedule A, the Debtor claims an interest 300 Three Islands Blvd., Apt. 520, Hallandale FL 33009 (the *"Real Property"*).

5. Pursuant to Schedule A, the Debtor identifies the value of the Real Property as $272,460.00, and identifies a secured claim of $148,409.00 (approximately $125,000.00 in equity).

6. On his Schedule C, the Debtor claims the Real Property as exempt.

7. The Debtor, however, does not own the Real Property and thus cannot claim it as exempt it.

8. On July 29, 2014, the Debtor executed a promissory note in favor of Eduardo P O'Toole in the principal amount of $43,175.08 (the "*Promissory Note*"). A copy of the Promissory Note is attached as **Exhibit A**.

9. The Promissory Note required the Debtor to pay back the $43,175.08 principal prior to October 29, 2014.

10. The Debtor has testified that he did not pay back the $43,175.08 principal prior to October 29, 2014, and that he was unable to pay back the $43,175.08 principal prior to October 29, 2014.

11. Simultaneous with the execution of the Promissory Note, the Debtor executed and delivered a quitclaim deed (the *"Quitclaim Deed"*) to the Real Property to Mr. O'Toole. A copy of the Quitclaim Deed is attached as **Exhibit B**.

12. The Promissory Note provides that "In the event of default of payment within the specified time, The Grantee has a quit claim deed in his possession to the property and will not be required to transfer the title back to the owner."

13. The Debtor did not file his voluntary bankruptcy petition until November 5, 2014, approximately one week *after* the October 29, 2014, deadline to pay back pay back the $43,175.08 principal.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8703/8703-1/01536161.DOC.}

14. Thus, it follows that the Debtor did not own the Real Property on the Petition Date.

## ANALYSIS

15. While the Debtor may have been able to exempt the Real Property *if he owned it* on the Petition Date, he is unable to claim an exemption because he did not own it.

> Prior to the filing of the petition, any property interest that the Debtor had an interest in, cannot technically be termed exempt property for purposes of some future bankruptcy, only exemptible or potentially exempt. If at any point in time prior to filing, the potentially exempt property is voluntarily transferred to a third party, all interests of the debtor in that property terminate. The property cannot subsequently be claimed as exempt under the Bankruptcy Code based upon some former interest held by the debtor. If the debtor disposes of an interest in property . . . and the debtor has no remaining legal or equitable interest as of the bankruptcy filing date, the transferred property is not property of the estate.

*In re Wickstrom*, 113 B.R. 339, 345-46 (Bankr. W.D. Mich. 1990).

16. Of course, "the transferred property interest may subsequently become property of the estate if the trustee prevails in exercising an avoidance power." *Id.* at n.8. Indeed, in this case, the Trustee will seek to avoid and recover the transfer to Mr. O'Toole for the benefit of the Estate. However, the Debtor "may not exempt such recovered property, unless it was involuntarily transferred and exemptible, because the recovered property is automatically preserved for the benefit of the estate." *Id.* This is because the Debtor may only exempt property which comes into the estate through the trustee's avoidance powers under the specific circumstances set forth in 11 U.S.C. § 522(g). *In re Wilson*, 694 F.2d 236, 238 (11th Cir. 1982). In relevant part, section 522(g) provides that:

> [T]he debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor

could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property....

17. "By its terms, § 522(g) requires that the Debtor demonstrate that the transfer . . . 'was not a voluntary transfer of such property by the debtor; and the debtor did not conceal such property.'" *In re McKinnon*, 495 B.R. 553, 555 (Bankr. M.D. Fla. 2013).

18. The Promissory Note and Quitclaim Deed indicate that they were prepared by Mr. Bogart. It can hardly be argued that the transfer was not voluntary, as might be the case in an *involuntary* transfer such as a repossession, or foreclosure. Thus, the Debtor cannot exempt the Real Property because he does not own it, and cannot exempt the Real Property once avoided because he voluntarily transferred it. Thus, the Court should deny the Debtor's claim of exemption as to the Real Property *in toto.*

19. Finally, the Trustee would object to the Debtor's exemption of the Real Property under 11 U.S.C. § 522(o) and §522(q), as the Debtor has an outstanding RICO judgment and has made significant disposals of assets into his home in the last ten years. But the Court need not reach those issues, because any exemption must be denied because the Debtor does not own the Real Property.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order denying the Debtor's claims of exemption as to the Real Property, and providing for such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 20, 2015, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1.

          s/ Lawrence E. Pecan
          Lawrence E. Pecan, Esquire
          Florida Bar No. 990866
          lpecan@melandrussin.com
          MELAND RUSSIN & BUDWICK, P.A.
          3200 Southeast Financial Center
          200 South Biscayne Boulevard
          Miami, Florida  33131
          Telephone: (305) 358-6363
          Telecopy: (305) 358-1221
          *Counsel for Trustee*

# EXHIBIT 1

# Mailing Information for Case 14-34665-RBR

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Darren R. Aponte    darren@apontelegal.com
- Becket and Lee LLP    notices@becket-lee.com
- Brian S Behar    bsb@bgglaw.net
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Edmond L Sugar    ed@edsugarlaw.com
- Deborah S. Sugarman    dsugarman@kayebenderlaw.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

This instrument was prepared by:
Michael J. Bogart
300 Three Islands Blvd. 520
Hallandale Beach, Florida 33009

# PROMISSORY NOTE

This Promissory Note is made this 29th day of July 2014 by and between

Eduardo P O'Toole, (hereinafter referred to as the "Grantor"), Michael J. Bogart (hereinafter referred to as the "Grantee")

WITNESS: The Grantee will receive the sum of ($43,175.08) <u>Forty Three Thousand one hundred seventy five Dollars and eight cents</u> for the following terms:

## Terms:

Grantee will pay back ($43,175.08) <u>Forty Three Thousand one hundred seventy five Dollars and eight cents</u> within 90 days of executing this document to wit **on or before Friday October 29, 2014 6:00 pm.**

In the event of default of payment within the specified time, The Grantee has a quit claim deed in his possession to the property and will not be required to transfer the title back to the owner.

_____
Grantor- Eduardo P O'Toole

07/29/14
Date:

_____
Grantee – Michael J. Bogart

07/29/14
Date:

## JURAT

State of Florida, County of Miami – Dade Subscribed and sworn to (or affirmed) before me this 29 day of July, 2014 providing Both Eduardo P O'Toole / Michael Bogart, proved to me on the basis of satisfactory evidence to be the person (s) who appear(s) before me.

_____ Sosa
Notary Signature

JACQUELINE SOSA
MY COMMISSION # FF 168099
EXPIRES: October 12, 2018
Bonded Thru Budget Notary Services

EXHIBIT A

This document was prepared by:
Michael J. Bogart
300 Three Islands Blvd. 520
Hallandale Beach, Florida 33009

# QUIT-CLAIM DEED

THIS QUIT CLAIM DEED, executed this 29 day of July, 2014,

Michael J. Bogart as (Grantor)

Whose address is: 300 Three Islands Blvd. 520 Hallandale Beach, Florida 33009

TO: Eduardo P O'Toole as (Grantees)

Whose address is: 1870 NE 207 Street Miami, Florida 33179-2259

WITHNESSTH: That said Grantor, for and in consideration of the sum of $10.00 (Ten 00/100 dollars) and other good and valuable consideration in had paid by the Grantee, the receipt whereof is hereby acknowledged, dose hereby remise, release and quit-claim unto the said Grantee forever, all the right, title, interest, claim and demand which the said Grantor forever, all the right, title interest, claim and demand which the said Grantor has in and to following described lot, piece or parcel of land, situate, lying and being in the county of **Miami - Dade** State of Florida, described as:

**LEGAL DESCRIPTION:** ANCHOR BAY CLUB CONDO UNIT 520 BK 14431 / PG 3535142 23 BK 1450

**PROPERTY ID** 5142 23 BK 1450

*This Quit Claim Deed is prepared without the benefit of the title search

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title interest, lien, equity and claim whatsoever of the said Grantor, either in law or equity, to the only proper use, benefit and behalf of the said Grantee forever.

"Grantor" and "Grantee" are used for singular of plural, as context requires.
IN WITNESS WHEREOF, GRANTOR hereunto SET GRANTOR'S hand and seal the day and year first above written.

_____          _____
Witness #1-signature                                                Michael J. Bogart
                                                                                  Grantor
Angel R Watson
Witness #1 print name

_____
Witness # 2 Signature
Darlene Watson
Witness #2 Print Name

State of Florida
COUNTY OF Miami-Dade
Notary Signature _J. Sosa_          Seal
Date: 7-29-14
The foregoing instrument was acknowledged before me this 29 day of July 2014, by
Michael J. Bogart _____, who have produced
A Valid DL License /FLA  as identification and who did take and oath.

JACQUELINE SOSA
MY COMMISSION # FF 168099
EXPIRES: October 12, 2018
Bonded Thru Budget Notary Services

EXHIBIT B