UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Case No.: 14-34665-BKC-RBR
Chapter 7 proceeding

**MICHAEL BOGART,**
**Debtor.**
_____/

## RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR REAL PROPERTY

**COMES NOW** the debtor, **MICHAEL BOGART**, by and through the undersigned attorney and files this response to the Trustee's Objection to Claim of Exemption for Real Property; and states as follows:

1. Contrary to the Trustee's contentions, Debtor is the owner of the real property located at 300 Three Islands Blvd., Apartment 520, Hallandale, Fl. 33009.

2. The intent of the Quit Claim Deed ("QCD") the Trustee references in his Objection to Claim of Exemption for Real Property ("Objection") was to collateralize a loan given by Eduardo P. O'Toole. This is evident by the language contained in the note given by Michael Bogart to Eduardo P. O'Toole ( Exhibit "A" of Trustee's Objection ).

3. In his schedules, Debtor has declared his intent to keep the subject property and has further declared his intent to reaffirm the debt.

4. Debtor was able and willing to repay the loan to Eduardo P. O'Toole and the only reason it was not repaid prior to the filing of Debtor's bankruptcy was because of Eduardo O'Toole's intentional acts of refusing and avoiding payment.

5. Furthermore, the QCD fails to meet the legal formalities for a proper conveyance in that it fails to properly identify and describe the subject property, and is therefore void ab initio.

6. Eduardo O'Toole attempted to Record the defective QCD, however, the same was

        initially rejected by the County Recorder.

7. Eduardo O'Toole thereafter re-filed the QCD and attached a copy of a prior deed to the property, which prior deed bore the legal description for the property.

8. Although it can be argued that by attaching the collateral deed to the QCD, the QCD became sufficient for recording purposes, it does not however remedy the defective nature of the QCD.

9. Finally, the QCD which had attached to it the proper description for the subject property was only recorded after Debtor had filed for his Federal Bankruptcy protection.

10. If the Court is to accept the Trustee's argument that by virtue of Recording the QCD the Title to the property had transferred out of the Debtor's name, then it would stand to reason that every mortgage which is recorded on any property divests the title owner of his/her legal interest in the property, thereby barring the title owner from retaining the subject property.

11. Debtor has at all times acted in good faith, fully disclosed all information to the best of his knowledge, memory and understanding; and fully cooperated with the Trustee and the Trustee's attorney, notwithstanding that Debtor is recovering from cancer.

12. Debtor responded completely and honestly to the Trustee at the creditors' meeting.

13. Debtor answered all of the Trustee's attorney's questions at the 2004 examination and provided all documents that were requested by the Trustee's attorney and even provided documents that were not requested but which the Debtor thought would be helpful to the Trustee.

14. Clearly there is no intent to conceal or otherwise defraud the Court or any creditors and the Debtor has acted in absolute good faith.

**WHEREFORE**, having fully answered the Trustee's Objection to claimed exemptions, the Debtor prays that this honorable Court deny the Trustee's Objection to Claim of Exemption for Real Property.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response to the Trustee's Objection to claimed exemptions was delivered via the Court's Notice of Electronic Filing upon the following parties: Darren R. Aponte at darren@apontelegal.com; Becket and Lee LLP at notices@becket-lee.com; Brian S. Behar at sb@bgglaw.net; Office of the US Trustee at USTPRegion21.MM.ECF@usdoj.gov; Lawrence E. Pecan at pecan@melandrussin.com; ltannenbaum at melandrussin.com;mrbnefs@yahoo.com; Deborah S. Sugarman at dsugarman@kayebenderlaw.com; Kenneth A. Welt at fl10@ecfcbis.com; pacerfilings@gmail.com;kaw@trusteesolutions.net; court@trusteeservices.biz; and Lindsey A. Savastano, Esq. At Lindsey.Savastano@BrockandScott.com; on the 14th day of April 2015.

                                        EDMOND L. SUGAR, P.A.

BY:   */s/ Edmond Sugar*
         EDMOND L. SUGAR, ESQUIRE
         5741 SHERIDAN STREET
         HOLLYWOOD, FLORIDA 33021
         (954) 925-3700
         ED@EDSUGARLAW.COM
         FLORIDA BAR NO. 0701191