UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

MICHAEL J. BOGART,                                Case No. 14-34665-RBR
                                                  Chapter 7
     Debtor(s).
_____/

## TRUSTEE'S REPLY
## TO DEBTOR'S RESPONSE TO OBJECTION TO CLAIM
## OF EXEMPTION FOR REAL PROPERTY

    Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Debtor, MICHAEL J. BOGART (the *"Debtor"*), replies to the Debtor's *Response to Trustee's Objection to Claim of Exemption for Real Property* [ECF No. 73] and states:

    1.    The Debtor asserts that the "intent of the Quit Claim Deed . . . was to collateralize a loan given by Eduardo P. O'Toole." This is belied by the plain language of the promissory note which provides "In the event of default of payment within the specified time, The Grantee has a quit claim deed in his possession to the property and will not be required to transfer the title back to the owner."

    2.    That is, the parties clearly intended the transaction not as a security, but that Mr. O'Toole retain title to the property as his remedy if he did not receive $43,175.08 by October 29, 2014.

    3.    The Debtor asserts that the Debtor "was able and willing to repay the loan to Eduardo P. O'Toole and the only reason it was not repaid prior to the filing of Debtor's bankruptcy was because of Eduardo O'Toole's intentional acts of refusing and avoiding payment." The Debtor's testimony underscores the falsity of this assertion:

>   Q.  Did you pay $43,175.08 back to Mr. O'Toole prior to October 29th, 2014?
>
>   A.  No.

Bogart Exam, March 19, 2015, 87:21-23

>   Q.  Did you send a check to Mr. O'Toole for $43,175.08?
>
>   A.  No, I did not have a check to send him.
>
>   Q.  Did you send a check to his attorney for $43,175.08?
>
>   A.  No, I did not. As I just said and explained, that we were trying to make some kind of arrangement prior to expiration of 90 days.

*Id.* at 90:15-22

>   Q.  Did you bring him a check at that time?
>
>   A.  I did not have any money to give at that time.
>
>   Q.  Did you make an attempt to pay Mr. O'Toole prior to October 29th, 2014?
>
>   A.  No, I did not.
>
>   Q.  You made no attempt to do so?
>
>   A.  I did not have any money to pay.

*Id.* 93:2-9. A copy of the full examination transcript is attached as **Exhibit A**.

    4.     Finally, the Debtor asserts that by virtue of having written and recorded a slightly incorrect legal description, the deed is of no effect. This is incorrect. For 120 years, Florida law has upheld a deed so long as the description (even if deficient) renders the premises conveyed identifiable. *See Campbell v. Carruth*, 13 So. 432 (Fla. 1893) ("the deed will be sustained, if it is possible, from the whole description, to ascertain and identify the land intended to be

2

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/8703/8703-1/01536161.DOC.}

conveyed"); *Connelly v. Smith*, 97 So. 2d 865, 867 (Fla. 3d DCA 1957) (same). "The rule is that a description is sufficient if, by relying on the description read in light of all facts and circumstances referred to in the instrument, a surveyor could locate the land." *Mendelson v. Great W. Bank, F.S.B.*, 712 So. 2d 1194, 1196 (Fla. 2d DCA 1998).

5. Here, the legal description included ANCHOR BAY CLUB CONDO UNIT 520. It included the correct Property ID (5142 23 BK 1450). It merely referenced the wrong page number as to the description of Anchor Bay Club Condo. It is absolutely unquestionable that anyone reading the legal description would determine that the property conveyed was unit 520 of Anchor Bay Club Condo.[1]

**WHEREFORE**, the Trustee respectfully requests that the Court deny the Debtor's claim of exemption as to the Real Property at 300 Three Islands Blvd., Apartment 520, Hallandale, FL 33009.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Counsel for Trustee*

---

[1] This may not have been sufficient vis a vis a bona fide purchaser, but the Florida law upholds a valid conveyance as between the grantor and grantee, even if a recording error makes it ineffective as to a bona fide purchaser. *In re Shannis*, 229 B.R. 234, 236 (Bankr. M.D. Fla. 1999).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 11, 2015, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached <u>Exhibit 1</u> and upon the Debtor at 300 Three Islands Blvd., Apartment 520, Hallandale, FL 33009.

<u>s/ Lawrence E. Pecan</u>
Lawrence E. Pecan, Esquire
Florida Bar No. 990866

# **EXHIBIT 1**

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Becket and Lee LLP    notices@becket-lee.com
- Brian S Behar    bsb@bgglaw.net
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Edmond L Sugar    ed@edsugarlaw.com
- Deborah S. Sugarman    dsugarman@kayebenderlaw.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net; court@trusteeservices.biz